H. B. AND BONNIE A. PERINE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARTHA E. FUERTEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GUS AND JOSEPHINE HOLTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. W. AND MARTHA FUERTEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29410, 29430, 29431, 34097. Promulgated February 18, 1931.

*Raymond G. Wright, Esq.,* and *Samuel F. Racine, C. P. A.,* for the petitioners.

*Eugene Meacham, Esq.,* for the respondent.

202

OPINION.

ARUNDELL: The proceeding brought by H. B. Perine is based on respondent's written notice dated May 5, 1927, wherein an over-assessment of $294.51 was found for the year 1918, not arising out of a claim in abatement, and in which no deficiency was asserted for the year 1919. The proceeding brought by petitioner H. B. Perine is, accordingly, dismissed. *Cornelius Cotton Mills*, 4 B. T. A. 255. This action eliminates the necessity of making any findings of fact or rendering a decision on the issue raised by H. B. Perine as to the propriety of the respondent's action in disallowing as a bad debt deduction the sum of $8,750 due under a mortgage given in a sale of real estate.

The agreement under which the experimental work was performed by the Northern Machine & Manufacturing Company provided that no part of the cost thereof was to be paid by Watkins unless the work produced articles of commercial value. None of the work for which the charge of $13,901.76 was made resulted in the creation of an article of such value, and in 1919 the partnership abandoned all of the ideas and inventions worked on as commercially worthless. The partnership sustained its loss on the abandonment of the ideas and inventions, and is entitled to deduct the amount thereof in 1919.

The respondent now confesses error in disallowing as a credit in computing the deficiency proposed against Martha E. Fuertel for 1919 the sum of $47.73 theretofore paid on her tax liability for that year.

Under the remaining issue petitioner Martha E. Fuertel seeks to have the respondent apply an overassessment of $1,399.66 determined against her husband for 1918, as a credit against the deficiency proposed against her for that year. The basis for her claim is the agree-

ment she and her husband executed authorizing the respondent to treat their tax accounts as one.

The husband and wife filed separate returns in which each returned one-half of the community income and their tax liability was determined by the respondent on that basis. This method of reporting the income and computing the tax thereon was proper. *John Henry*, 6 B. T. A. 131. Each paid the amount of tax shown to be due on their returns. The spouses became separate and distinct taxpayers under the statute upon the filing of separate returns of the community income, and the situation is no different than it would be if the taxpayers were other than husband and wife. They being separate taxpayers, we lack authority to require the respondent to credit the proposed deficiency determined against the wife with an overpayment of tax by the husband. *Alexander Vayssie*, 8 B. T. A. 587. Cf. *John W. Preston*, 21 B. T. A. 840. The fact that here the spouses executed an agreement authorizing the respondent to make the credit urged, does not affect the answer. The agreement does not appear to have been filed pursuant to any statute and the respondent is not a party to it. He was to act under the agreement only in such manner as he " may deem proper," and we see no reason to question the discretion exercised by the respondent under the instrument.

*Decision will be entered under Rule 50.*