**Mary Marie EAVES, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 13–70.**

United States Court of Appeals,
Tenth Circuit.

Oct. 23, 1970.

Kendall O. Schlenker, Albuquerque, N. M. (James M. Parker, Albuquerque, N. M., on the brief), for plaintiff-appellant.

Gary R. Allen, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Thomas L. Stapleton, Attys., Dept. of Justice, Washington, D. C., on the brief), for defendant-appellee.

Before JONES*, BREITENSTEIN and HOLLOWAY, Circuit Judges.

JONES, Circuit Judge:

The appellant, Mary M. Eaves, is the wife of Joe Eaves. They reside in New Mexico, a community property state. The facts, so far as are material for our purposes, are thus stated in the findings of the district court:

"Stated simply, the facts reveal that plaintiff and her husband each filed separate returns for the years 1961 through 1964, 1966, and 1967. In 1965, they filed a joint return. In the years that separate returns were filed, the community income was divided equally, and each reported his respective share. However, upon audit, it was determined that part of the income so divided came from the separate property of Joe C. Eaves, which should have been reported solely on his separate return. Accordingly, upon reallocation of that income, there resulted overpayments on the returns filed by plaintiff and deficiencies on the returns filed by Joe C. Eaves. Part of the overpayments was used to offset a portion of the deficiencies assessed against Joe C. Eaves for the earlier year of 1961. The amount of this offset is the basis of this refund suit. As heretofore stated, the monies claimed were from community funds."

The Commissioner of Internal Revenue used the overpayment of the appellant to satisfy the tax deficiency of her husband. It was stipulated that the appellant paid the taxes shown by her separate returns

* Of the Fifth Circuit, sitting by designation.

from community assets. The district court held that the obligation of the United States for the overpayment of the appellant's tax retained its community property identity and that it could be used to satisfy the tax deficiency of her husband. The district court entered judgment against Mrs. Eaves. She is before this Court seeking a reversal of the district court's decision.

The precedents are meagre and inconclusive. The decisions most nearly analogous are from the Court of Claims. In Santos v. United States, Ct.Cl.1960, 277 F.2d 806, cert. denied 364 U.S. 913, 81 S.Ct. 278, 5 L.Ed.2d 227, it was held that the overpayments of the wife's tax were properly applied to the husband's individual tax liability on the ground that under the law of Hawaii the community property was subject to the husband's obligations. In the more recent case of Gilmore v. United States, Ct.Cl. 1961, 290 F.2d 942, rev'd on other grounds, 372 U.S. 39, 83 S.Ct. 623, 9 L. Ed.2d 570, the court cited with approval the Tax Court case of Harrold v. Commissioner, 22 T.C. 625, rev'd on other grounds, Harrold v. Commissioner, 9th Cir. 1956, 232 F.2d 527. The Court of Claims quoted from the Harrold Tax Court opinion the following:

" * * * We subsequently emphasized in H. B. Perine et al. [22 B.T.A. 201], supra, that * * *:

"The spouses became separate and distinct taxpayers under the statute upon the filing of separate returns of the community income, and the situation is no different than it would be if the taxpayers were other than husband and wife. They being separate taxpayers, we lack authority to require the respondent to credit the proposed deficiency determined against the wife with an overpayment of tax by the husband."

The Court of Claims, in the Gilmore opinion, made an unconvincing distinction of the Santos case by observing that it was decided under the law of Hawaii. The language from Gilmore is, perhaps, implausible. In that opinion it is noted that the Harrold Tax Court case was reversed on factual grounds, leaving the approval of the Harrold statement of principle without qualification. If, as the quoted language says, when husband and wife in a community property state file separate returns "the situation is no different than it would be if the taxpayers. were other than husband and wife," the Government would be under a duty to make payment of a refund to Mrs. Eaves and collect from other sources, if it could, the deficiency of her husband.

We do not think that it was intended by the Court of Claims that the rule announced in Santos should be overruled by Gilmore but if so, then we conclude Santos is expressive of the principle which should apply in this case.

█ It is the rule in New Mexico, as in Santos, that as long as identity can be traced, community assets retain their community property characteristics. Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266; Trimble v. St. Joseph's Hospital, 57 N.M. 51, 253 P.2d 805. We do not have any difficulty in determining that the obligation to make a refund of the overpayment made with community funds possessed community attributes.

██ Under the law of New Mexico community assets can be reached for the payment of the separate debts of the husband. Denton v. Fireman's Fund Insurance Co., 10th Cir. 1966, 357 F.2d 747. Whether the obligation of the Government to refund an overpayment of income tax is technically within the definition of a debt need not be decided. The obligation for a payment of taxes owing to the United States is in the nature of a debt and is an obligation to which the same rule should apply as applies to a debt within the technical definition of that technical term. 84 C.J.S. Taxation § 1, p. 35. For remedial purposes, taxes owing to the United States are regarded as debts. Meredith v. United States, 13 Pet. 486, 10 L.Ed. 258.

■ Since, as we hold, the overpayment by Mrs. Eaves and the obligation of the United States with respect to such overpayment was a part of the community and since, as we hold, the community assets are liable for the separate tax obligations of the husband, it follows that the Government had the right to offset the husband's deficiency claim against the overpayment of the wife. The judgment of the district court was correct and is

Affirmed.