619 P.2d 821

**EXECU–SYSTEMS, INC., Realtors, Plaintiff–Appellee,**

v.

**Brad CORLIS, Defendant–Appellant.**

**No. 13098.**

Supreme Court of New Mexico.

Nov. 18, 1980.

Carian & Casey, Jacob Carian, Albuquerque, for defendant–appellant.

Miller & Associates Ltd., William T. Moyers, Albuquerque, for plaintiff–appellee.

## OPINION

PAYNE, Justice.

The defendant Brad Corlis signed a real estate listing agreement with the plaintiff, the listing agent, for the sale of a house jointly owned with his wife. The agreement provided for payment of a commission if the house was sold within the listing period, regardless of who obtained the purchaser. The wife did not join in signing the listing agreement. The plaintiff knew that the wife was a joint owner and had not signed the listing agreement.

Within the listing period the defendant found a buyer and sold the house without going through the listing agent. The plaintiff filed suit to recover a commission. Both parties filed motions for summary judgment. The trial court granted the listing agent's motion and denied the defendant's. From this judgment the defendant appeals. We affirm.

The defendant argues that his motion for summary judgment should have been granted because the agreement on which the plaintiff seeks to recover is void. He argues that a real estate listing agreement is a contract for the sale of community property, and under Section 40–3–13, N.M.S.A. 1978, such a contract must be signed by both the husband and the wife to be valid. We disagree.[1] We hold that a real estate listing agreement is not a transfer, conveyance, mortgage or contract to transfer, convey or mortgage community property within the meaning of Section 40–3–13.

Section 40–3–13 reads as follows:

A. Except for purchase–money mortgages and except as otherwise provided in this subsection, the spouses must join in all transfers, conveyances or mortgages or contracts to transfer, convey or mortgage any interest in community real property . . . .

Any transfer, conveyance, mortgage or lease or contract to transfer, convey, mortgage or lease any interest in the community real property or in separate real property owned by the spouses as cotenants in joint tenancy or tenancy in common, attempted to be made by either spouse alone in violation of the provisions of this section shall be void and of no effect, except that either spouse may transfer, convey, mortgage or lease directly to the other without the other joining therein . . . .

---

1. Several other community property states have similarly held that a real estate listing agreement need not be signed by both spouses to be enforceable against the one signing. *See* *C. Forsman Real Estate Company v. Hatch,* 97 Idaho 511, 547 P.2d 1116 (1976); *Tamimi v. Bettencourt,* 243 Cal.App.2d 377, 52 Cal.Rptr. 273 (1966).

The defendant argues that the purpose of the 1973 amendment was to expand the 1953 statute, which required joint signatures only on deeds and mortgages, to also require joint signatures on real estate listing agreements. We disagree. The statute was amended to include real estate contracts, not to include contracts for services, such as listing agreements.

 There are several differences between a real estate contract and a real estate listing agreement. The listing agreement does not affect the title to real estate but only the right to a commission upon its sale. A listing agreement deals with services to be rendered to those giving the listing and a breach does not automatically result in any cloud on the title to real estate. No lien attaches to the real estate as a result of a listing. *See First Nat. Bk., Tucumcari v. Berger Briggs R.E. & I., Inc.,* 89 N.M. 185, 548 P.2d 863 (1976). Default of a listing agreement must be reduced to judgment before it can impact upon the title to the property. To accept defendant's argument would adversely affect titles to any real estate subject to a listing agreement.

The defendant's final argument, that it would frustrate the purposes of the statute to allow the plaintiff to enforce the contract, is equally unavailing. The fact that upon breach by the defendant the plaintiff can bring suit, obtain a judgment and levy on the property without the wife's signature is not violative of New Mexico community property laws. A husband can subject the community to certain debts without the concurrence of his wife. *See* § 40–3–9, N.M.S.A. 1978; *Eaves v. United States,* 433 F.2d 1296 (10th Cir. 1970); *Cabot v. First National Bank of Santa Fe,* 81 N.M. 793, 474 P.2d 476 (1970). Simply because this debt, after judgment, may be satisfied by levying on community real property is not a basis for unnecessarily expanding the meaning of Section 40–3–13.

Since the listing agreement is a contract for services and not a contract for the sale of community property, Section 40–3–13 is not applicable. Under ordinary contract law the defendant is liable for the contract, even though at the time of contracting the defendant could not have performed his part of the agreement to convey the property without his wife's signature.

For these reasons we affirm.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.