734 P.2d 756

**LUBBOCK STEEL & SUPPLY, INC., a DIVISION OF LUBBOCK AMERICAN IRON & METAL, INC., a Texas corporation, Plaintiff-Appellee,**

v.

**Mary Helen GOMEZ and Phyllis Mackey, Defendants-Appellants.**

**No. 16638.**

Supreme Court of New Mexico.

March 24, 1987.

Ortega & Snead, Charles P. Reynolds, Albuquerque, for defendants-appellants.

Bozart, Craig & Vickers, Marion J. Craig, III, Roswell, Jones, Gallegos, Snead & Wertheim, Steven L. Tucker, Santa Fe, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Lubbock Steel & Supply, Inc., appellee, filed suit on a note against appellants. Appellants' motion to dismiss was denied. We affirm.

This case is before the Court on interlocutory appeal from the District Court of Chaves County, New Mexico. The facts are undisputed and were framed by the district court as stipulated findings as follows:

1. Gomac, Inc., a New Mexico corporation, purchased steel on an open account from Plaintiff Lubbock Steel between March of 1984 and August 21, 1984.

2. On August 21, 1984, upon the request of employees of Lubbock Steel, Paul Mackey and Ruben Gomez (officers, directors and employees of Gomac, Inc.) signed a promissory note in an amount equal to the then outstanding indebtedness of Gomac, Inc., owed to Lubbock Steel on the open account.

3. The promissory note was intended to act as a collateral contract or assurance by which Paul Mackey and Ruben Gomez engaged to secure Lubbock Steel against the possibility that Gomac, Inc. would fail to pay its indebtedness to Lubbock Steel on the open account.

4. Gomac, Inc. subsequently went out of business and failed to pay its indebtedness on the open account to Lubbock Steel.

5. At all times pertinent hereto, Paul Mackey was married to Defendant Phyllis Mackey and Ruben Gomez was married to Defendant Helen Gomez.

6. Neither wife signed the promissory note; neither wife had any knowledge of the promissory note until Lubbock Steel brought suit on the note against their husbands in June of 1985.

7. Both Paul Mackey and Ruben Gomez filed for bankruptcy and each has discharged in bankruptcy any personal liability which might have been created under the promissory note.

8. The Plaintiff Lubbock Steel seeks, in the present action, to recover from the wives on the above-mentioned promissory note signed by their husbands.

The only issue before this Court is the application of NMSA 1978, Section 40-3-4 (Repl.Pamp.1986) to the above facts.

Appellants-defendants argue that recovery against them on the note signed by their husbands is barred by Section 40-3-4. This section was originally enacted as Chapter 74 of the Laws of the State of New Mexico, 1965. The title to the act contains the following language: "An act relating to contracts of indemnity of surety companies; and declaring that no community property shall be liable under a contract of indemnity with a surety company, unless signed by both husband and wife." *See* NMSA 1953, § 57-4-10 (Supp.1975). Section 40-3-4 provides:

It is against the public policy of this state to allow one spouse to obligate community property by entering into a contract of indemnity whereby he will indemnify a surety company in case of default of the principal upon a bond or undertaking issued in consideration of the contract of indemnity. No community property shall be liable for any indebtedness incurred as a result of any contract of indemnity made after the effective date of this section, unless both husband and wife sign the contract of indemnity.

Appellee argues that the note signed by the spouses of appellants was not a proscribed contract of indemnity, and that recovery on the note is not barred by Section 40-3-4. They argue that Section 40-3-4 is inapplicable to this case as it is "a simple suit on a note against the remaining members of the marital community." We agree. What we have here is a community debt as defined in NMSA 1978, Section 40-3-9(B) (Repl.Pamp.1986). It is quite clear that this is not a contract of indemnification with a surety company in which both spouses must join to obligate their community estate.

Appellants further argue that the general language of the second sentence of Section 40-3-4 should control over the more specific language of the first sentence of

**518**

the statute. As a general rule of statutory construction, however, general language in a statute is limited by specific language. *Postal Finance Co. v. Sisneros*, 84 N.M. 724, 507 P.2d 785 (1973). Moreover, we are bound to give effect to the intention of the Legislature, *Board of Education v. Jennings*, 102 N.M. 762, 701 P.2d 361 (1985), and we are of the opinion that a reading of the title of the act together with the entire statute clearly indicates the intent of the Legislature was to prevent one spouse from obligating community property by entering into contracts of indemnity with surety companies unless the contract is signed by both spouses.

We affirm the order of the district court denying appellants' motion to dismiss.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., concur.