In re Henry Sherman FINGADO, a/k/a H.S. Fingado, Debtor.

Harley H. SWINK, Trustee, Plaintiff–Appellant,

v.

SUNWEST BANK as Trustee for the Estate of Gillespie; Dale B. Gerdeman; MPK Corporation; Euclid Alcon; Jacob Alcon; Valley National Bank; James M. Durrett, Adm. CTA for the Estate of Stella Dysart; Francis E. Doughty; Daniel H. Doughty; Michael Doughty; Dubois, Caffrey & Cooksey, P.A.; Loren E. Smith; Fairfield, Farrow, Hunt, Reecer, & Strotz, P.C.; Western Bank of Albuquerque; Jeffrey Neill Brown; Robert E. Brown; Stephen L. Rohde; Dan L. Nelson; H.E. Toles; and Bill Jones, Defendants,

Valetta Ruth Fingado, Defendant–Appellee.

No. 91–2075.

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1992.

---

Leslie C. King, III, of Jurgens & King, Sante Fe (James R. Jurgens, with him on the brief), for plaintiff-appellant.

Robert Waldman, Albuquerque (J. Bart Wright, with him on the brief), for defendant-appellee.

Before HOLLOWAY and McWILLIAMS, Circuit Judges, and CAUTHRON, District Judge.[*]

## CERTIFICATION OF QUESTION OF STATE LAW

The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of § 34–2–8 N.M.S.A.1978 (1991 Repl.) and N.M. S.C.R.A. 12–607, desires to submit to the Supreme Court of the State of New Mexico a request that the Court exercise its discretion to accept the following important certified question of New Mexico law which may be determinative of this cause now pending in this court, and as to which it appears that there is no controlling precedent in the Supreme Court of New Mexico:

> Do the 1984 amendments to § 40–3–8 N.M.S.A.1978 (as enacted), apply retroactively so as to convert property acquired by husband and wife as joint tenants prior to the passage of the amendments, and thus originally held as separate property, into community property which would be included in the bankruptcy estate?

### Statement of Facts

In 1964 Henry and Valetta Fingado purchased a piece of real property on Vermont Street in Albuquerque for rental purposes. In 1969 they purchased a house on Rio Grande Boulevard in Albuquerque to be their residence. In both cases the property was conveyed to "H.S. Fingado and Valetta Ruth Fingado, his wife as joint tenants." In 1987 an involuntary petition for Chapter 7 bankruptcy was filed against the Fingados. The petition was later dismissed as to Mrs. Fingado. In 1989 the Trustee sold the Vermont Street property but retained the proceeds pending adjudication of the rights of the parties. Two months later the

[*] The Honorable Robin J. Cauthron of the Western District of Oklahoma, sitting by designation.

Trustee petitioned to sell the Rio Grande property.

### Procedural Background

Mrs. Fingado entered an objection to the sale of the Rio Grande residence, claiming a half interest in the property. She further petitioned for half of the proceeds from the sale of the Vermont Street house. The Trustee countered that the properties were held as community property and as such they were property of the bankruptcy estate. 11 U.S.C. § 541 (1988). The United States Bankruptcy Court for the District of New Mexico held that under the law in force at the time of the filing of the petition in bankruptcy, Mrs. Fingado had failed to overcome the presumption that property held by spouses in joint tenancy is held as community property. 113 B.R. 37 (Bankr. D.N.M.1990). The court thus ruled in favor of the Trustee and authorized him to sell the Rio Grande Boulevard property free of any liens and interests of Mrs. Fingado other than a $20,000 homestead exemption, and that the proceeds of the earlier sale of the Vermont Street property were likewise free of any liens or interests of Mrs. Fingado. The district court reversed, holding that the properties were acquired as separate property and that they retained that character to the present day.

In this further appeal to the Tenth Circuit, the Trustee argues that in 1984 the New Mexico legislature amended existing law to provide that property acquired by a married couple is to be presumed to be community property unless it is specifically designated as separate property. 1984 N.M.Laws Ch. 122. The Trustee maintains that these amendments were intended to have retroactive effect and that they thus changed the status of all property in the state, including property acquired before 1984. On the other hand, Mrs. Fingado asserts that in New Mexico property always retains the status, whether separate or community, that it had at the time of acquisition. Since under the law in effect at the time of purchase the realty in question was acquired as separate property, she maintains that it may not now be made part of the bankruptcy estate, regardless of how the law may have changed during the intervening years.

■ This court concludes that this proceeding involves an important question of State law under the statutes of New Mexico and that it is appropriate that the Supreme Court of New Mexico be afforded an opportunity to decide this question. It appears that this issue may be determinative of the appeal now pending before this court and that there is no controlling precedent on the question in the decisions of either the New Mexico Supreme Court or the New Mexico Court of Appeals. This court accordingly concludes that it should submit this certified question to the New Mexico Supreme Court which that Court may, in its discretion, answer pursuant to Rule 12–607 of the New Mexico Rules of Appellate Procedure.

Accordingly, the undersigned presiding judge of the panel submits this certification for this court to the Supreme Court of New Mexico, in accordance with Rule 12–607 of the New Mexico Rules of Appellate Procedure. The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Supreme Court of the State of New Mexico a certified copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States District Court for the District of New Mexico.