995 F.2d 175
 Bankr. L. Rep. P 75,315
In re Henry Sherman FINGADO, a/k/a H.S. Fingado, Debtor.
Harley H. SWINK, Trustee, Plaintiff-Appellant,
v.
SUNWEST BANK as Trustee for the Estate of Gillespie; Dale
B. Gerdeman; MPK Corporation; Euclid Alcon; Jacob Alcon;
Valley National Bank; James M. Durrett, Adm. CTA for the
Estate of Stella Dysart; Francis E. Doughty; Daniel H.
Doughty; Michael Doughty; Dubois, Caffrey & Cooksey, P.A.;
Loren E. Smith; Fairfield, Farrow, Hunt, Reecer, & Strotz,
P.C.; Western Bank of Albuquerque; Jeffrey Neill Brown;
Robert E. Brown; Stephen L. Rohde; Dan L. Nelson; H.E.
Toles; and Bill Jones, Defendants,
Valetta Ruth Fingado, Defendant-Appellee.
 No. 91-2075.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1993.
 
 Leslie C. King III of Jurgens & King, Sante Fe, NM (James R. Jurgens of Jurgens & King, Santa Fe, NM, with him on the brief), for plaintiff-appellant.
 Robert Waldman, Albuquerque, NM (J. Bart Wright, Albuquerque, NM, with him on the brief), for defendant-appellee.
 Before HOLLOWAY and McWILLIAMS, Senior Circuit Judges, and CAUTHRON, District Judge.*
 PER CURIAM.
 
 
 1
 This action began when an involuntary bankruptcy petition was filed against the appellee Valetta Ruth Fingado and her husband, Henry Sherman Fingado. The petition was later dismissed as to Mrs. Fingado. However, when the trustee sought to sell certain real property held by the couple as joint tenants, Mrs. Fingado objected, arguing that her interest was outside of the bankruptcy estate. The bankruptcy court determined that her interest in the properties fell within the bankruptcy estate. On appeal, the district court for the district of New Mexico reversed. The bankruptcy trustee then appealed. On appeal this court chose to submit a certification of the determinative question herein to the Supreme Court of the State of New Mexico. We are pleased that the Court accepted the certification and has given us its authoritative guidance. We may now dispose of this appeal in accord with that dispositive opinion.
 
 
 2
 * In 1964 Henry and Valetta Fingado purchased a piece of real property on Vermont Street in Albuquerque for rental purposes. In 1969 they purchased a house on Rio Grande Boulevard in Albuquerque to be their residence. In both cases the property was conveyed to "H.S. Fingado and Valetta Ruth Fingado, his wife, as joint tenants." In 1987 an involuntary petition for Chapter 7 bankruptcy was filed against the Fingados. The petition was later dismissed as to Mrs. Fingado. In 1989 the Trustee sold the Vermont Street property but retained the proceeds pending adjudication of the rights of the parties. Two months later the Trustee petitioned to sell the Rio Grande property.
 
 
 3
 Mrs. Fingado entered an objection to the sale of the Rio Grande residence, claiming a half interest in the property. She further claimed half of the proceeds from the earlier sale of the Vermont Street house. The Trustee countered that the properties were held as community property and as such they were property of the bankruptcy estate. See 11 U.S.C. § 541 (1988). The United States Bankruptcy Court for the District of New Mexico held that under the law in force in New Mexico at the time of the filing of the petition in bankruptcy, Mrs. Fingado had failed to overcome the presumption that property held by spouses in joint tenancy is held as community property. In re Fingado, 113 B.R. 37 (Bankr.D.N.M.1990). The bankruptcy court thus ruled in favor of the Trustee and authorized him to sell the Rio Grande Boulevard property free of any liens and interests of Mrs. Fingado other than a $20,000 homestead exemption. The court further declared that the proceeds of the earlier sale of the Vermont Street property were likewise free of any liens or interests of Mrs. Fingado. Id. at 44. Mrs. Fingado then purchased the Rio Grande property herself, the proceeds from which are held by the bankruptcy trustee. On appeal the district court reversed, holding that the properties were acquired as separate property and that they retained that character throughout.
 
 
 4
 In this further appeal, the Trustee argues that in 1984 the New Mexico legislature amended existing law to provide that property acquired by a married couple is to be presumed to be community property unless it is specifically designated as separate property. See 1984 N.M.Laws ch. 122 (codified at N.M.Stat.Ann. § 40-3-8 (Michie 1978, 1989 Repl.). The Trustee maintains that these amendments were intended to have retroactive effect and that they thus changed the status of all property in the state, including property acquired before 1984. However Mrs. Fingado asserts that in New Mexico, property always retains the status, separate or community, that it had at the time of acquisition. Since under the law in effect at the time of purchase the realty in question was acquired as separate property, she maintains that it may not now be made part of the bankruptcy estate, regardless of how the law may have changed during the intervening years.
 
 
 5
 Concluding that the issue of the effect of the 1984 statute was likely determinative of this appeal and finding no controlling precedent on the statutory question in the decisions of either the New Mexico Supreme Court or the New Mexico Court of Appeals, this court certified the following question to the Supreme Court of the State of New Mexico pursuant to Rule 12-607 of the New Mexico Rules of Appellate Procedure:
 
 
 6
 Do the 1984 amendments to § 40-3-8 N.M.S.A.1978 (as enacted), apply retroactively so as to convert property acquired by husband and wife as joint tenants prior to the passage of the amendments, and thus originally held as separate property, into community property which would be included in the bankruptcy estate?
 
 
 7
 955 F.2d 31, 32 (10th Cir.1992).
 
 
 8
 On March 3, 1993 the Supreme Court of the State of New Mexico issued an opinion answering our certified question in the affirmative. Swink v. Fingado, 115 N.M. 275, 850 P.2d 978 (1993). We are advised by the Clerk of the New Mexico Court that this opinion is now final. In it, the court held that, "property acquired before 1984 by a husband and wife through an instrument designating them as joint tenants is presumed to be held as community property, even though it may also be held as joint tenancy property."[1] Id., 115 N.M. at 277, 850 P.2d at 980. Being so advised we may proceed to resolve the merits of this appeal.
 
 II
 
 9
 We review de novo the bankruptcy and district court's rulings of law. Brown v. Pennsylvania State Employees Credit Union, 851 F.2d 81, 84 (3rd Cir.1988).
 
 
 10
 The Fingados were the subject of an involuntary Chapter 7 bankruptcy petition under 11 U.S.C. § 303. The bankruptcy estate includes:
 
 
 11
 (a)(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
 
 
 12
 (A) under the sole, equal, or joint management and control of the debtor;
 
 
 13
 11 U.S.C. § 541.
 
 
 14
 When the petition against Mrs. Fingado was dismissed, her share of the community property therefore remained in the estate. While federal law determines that community property is part of the bankruptcy estate, courts must look to state law to determine what constitutes "community property." In re McCoy, 111 B.R. 276, 279 (Bankr. 9th Cir.1990). Thus the central question in this case is whether under the law of New Mexico the properties in question are properly characterized as community property.
 
 
 15
 When the properties were purchased the rule in New Mexico was that a "[h]usband and wife may hold property as joint tenants, tenants in common or as community property." N.M.S.A. § 57-3-2 (1953 Comp.). The Community Property Act of 1973, 1973 N.M.Laws, Chapter 320, later defined separate property in part as "each spouse's undivided interest in property owned in whole or in part by the spouses as cotenants in joint tenancy or as cotenants in tenancy in common." It is thus arguable that the two properties here were, at one point at least, separate property.[2] However, in 1984 the New Mexico legislature amended the state marital property laws to provide that:
 
 
 16
 "Property acquired by husband and wife by an instrument in writing whether as tenants in common or as joint tenants or otherwise will be presumed to be held as community property unless such property is separate property within the meaning of Subsection A of this section."
 
 
 17
 N.M.S.A.1978, § 40-3-8(B) (Cum.Supp.1992). Subsection A provides, in relevant part, that "separate property" is:
 
 
 18
 property designated as separate property by a written agreement between the spouses, including a deed or other written agreement concerning property held by the spouses as joint tenants or tenants in common in which the property is designated as separate property.
 
 
 19
 Id. at (A).
 
 
 20
 The Fingados acquired the two dwellings at issue here as joint tenants through instruments which did not designate the property as separate property. Thus the properties are community property if the 1984 Act's presumption is to be applied retroactively. In its response to our certified question, the New Mexico Supreme Court made clear that it is. "Property acquired through an instrument establishing, or indicating ownership in, joint tenancy, even though acquired before 1984 and even though having the legal incident of the right of survivorship, is nonetheless presumed to be community property...." Id. 115 N.M. at 279, 850 P.2d at 982. Therefore Mrs. Fingado's interest in the proceeds from the Rio Grande and Vermont Street properties is included in Mr. Fingado's bankruptcy estate.[3]
 
 III
 
 21
 Accordingly, the judgment of the district court is REVERSED and the cause is REMANDEDor further proceedings in accord with this opinion.
 
 
 
 *
 The Honorable Robin J. Cauthron of the Western District of Oklahoma, sitting by designation
 
 
 [1]
 The New Mexico Court qualified its answer to the certified question with the following statement in its footnote 21:
 It is in this sense that we qualify our affirmative answer to the Tenth Circuit's question. The 1984 amendments to § 40-3-8 did not necessarily "convert" property originally held as separate property into community property in a very real sense, the property may be regarded as having been community property all along. No evidence was adduced in the bankruptcy court or the district court as to the source of the funds used to acquire the properties or that the properties may have been classifiable as separate property under § 40-3-8(A), so the presumption in § 40-3-8(B) was applicable and the properties were properly regarded as the Fingados' community property.
 
 
 [2]
 The Supreme Court of the State of New Mexico, however, has suggested that based on its analysis of the case, the real estate may be presumed to have been acquired with community assets and therefore would have been community property even under the law at the time of acquisition. 115 N.M. at 292-293, 850 P.2d at 995-996. Because the 1984 Amendment's presumption of community status applies retroactively, the properties were community property in any event and we need not take up this point
 
 
 [3]
 Mrs. Fingado has also moved for the dismissal of a number of parties which she claims are no longer financially interested in this action. We believe this is an issue best addressed on remand