7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jo CHAMBERS, Appellant,
v.
William H. GRAY, Trustee of Frontier Energy Resources, Inc., Appellee.
 No. 93-5020.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1993.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Jo Chambers, a creditor of the debtor, Frontier Energy Resources, Inc., appeals from an order of the district court dismissing as moot her appeal from an order of the bankruptcy court. The trustee urges that Chambers' notice of appeal to this court was untimely. Therefore, we first address whether we have jurisdiction over this appeal.
 
 
 4
 On November 24, 1992, the district court dismissed Chambers' appeal. On December 2, 1992, within ten days of the entry of that order, Chambers filed a motion for leave to file a motion for rehearing as required by local Rule B-10(a)(8), District Court Rules of Bankruptcy Practice and Procedure. On December 18, 1992, the district court denied the motion. On January 19, 1993, Chambers filed a notice of appeal to this court.
 
 
 5
 An appealing party must file its notice of appeal within thirty days of the entry of final judgment unless the time is tolled by a motion filed pursuant to Fed.R.App.P. 4(a)(4). The issue thus is whether Chambers' motion for leave to file a motion for rehearing was a tolling motion under Bankr.RuleP. 8015.[2]
 
 
 6
 A motion filed pursuant to a local rule does not toll the time for taking an appeal. However, this court had held an identical local rule in Kansas invalid prior to the time Chambers filed her motion. See Burger King Corp. v. Wilkinson (In re Wilkinson), 923 F.2d 154 (10th Cir.1991), on remand 1991 WL 49726 * 3 n.4 (D. Kan.1991)(noting the local rule had been repealed). In Wilkinson, we held the local rule invalid because its application frustrated our jurisdiction. We noted that the local rule impermissibly gave the district court the discretion to decide whether a motion for rehearing would be permitted and was inconsistent with the bankruptcy rules. Id. at 155. Because the appellant had also filed a motion for rehearing in the district court which was still pending, we held that the notice of appeal was premature, dismissed the appeal, and remanded the case for the district court to rule on the pending motion.
 
 
 7
 On December 22, 1992, four days after the district court denied Chambers' motion, we specifically invalidated Rule B-10(a)(8) citing Wilkinson. See Otasco Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.), 981 F.2d 1166, 1167 (10th Cir.1992). In Otasco, the appellant had filed a timely motion for rehearing prior to complying with the local rule which the district court had not ruled on. We, therefore, dismissed the appeal and remanded the case for the district court to rule on the pending motion.
 
 
 8
 Here, Chambers followed the dictates of the local rule and did not file a motion for rehearing. Thus, Chambers has filed no motion in district court which would toll the time for taking an appeal. We decline to punish Chambers for following the local rule only. Dismissal of this appeal would deny Chambers all appellate rights. Therefore, we construe Chambers' motion as a motion for rehearing, and the district court's order as one denying that motion.
 
 
 9
 The district court denied Chambers' motion December 18, 1992. Chambers filed her notice of appeal January 19, 1993. The notice of appeal was timely because January 17, 1993, was a Sunday and January 18 was a legal holiday. See Fed.R.App.P. 26(a). Consequently, Chambers' notice of appeal is timely.
 
 
 10
 We next consider whether the district court correctly ruled that Chambers' appeal from the bankruptcy court's order is moot. "We review de novo the bankruptcy and district court's rulings of law." Swink v. Sunwest Bank (In re Fingado), 995 F.2d 175, 178 (10th Cir.1993).
 
 
 11
 The district court held that Chambers' appeal was moot because, in accordance with the bankruptcy court's order, the trustee had sold the property at issue, oil well casing, and had plugged the well. Pursuant to 11 U.S.C. 363(m), the validity of a court-approved sale of property of a debtor to a "good faith purchaser" cannot be affected by any ruling on appeal unless a stay was obtained pending the appeal. Therefore, without a stay, any appeal from an order authorizing the sale of the bankruptcy estate's property is moot. See Tompkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 304-05 (10th Cir.1983). "[A] 'good faith purchaser' is one who buys in 'good faith' and for 'value.' " Id. at 305 (footnotes and citations omitted). Chambers argues that the oil casing belonged to her as did the leasing rights to the plugged well. However, whether the property which was sold was part of the bankruptcy estate is not determinative. See In re Sax, 796 F.2d 994, 997-98 (7th Cir.1986). "Section 363(m) [of Title 11 of the United States Code] does not say that the sale must be proper under 363(b); it says the sale must be authorized under 363(b).... At this juncture, it matters not whether the authorization was correct or incorrect." Id. Chambers does not allege the casing was not purchased by a good faith purchaser. See Ewell v. Diebert (In re Ewell), 958 F.2d 276, 282 (9th Cir.1992)(if buyer was good faith purchaser, sale may not be modified or set aside unless order was stayed pending appeal; if it was not, court cannot grant any effective relief).
 
 
 12
 Chambers argues she was not required to obtain a stay because she is not suing the estate, but rather is suing the trustee personally and seeks only money damages. Chambers has no cause of action against the trustee. The trustee is immune from suit in this situation. See Gregory v. United StatesUnited States Bankruptcy Court for the Dist. of Colo., 942 F.2d 1498, 1500 n.1 (10th Cir.1991)("[A]bsolute quasijudicial immunity for a lawyer serving as a trustee and merely executing the bankruptcy judge's orders concerning the collection and disposition of estate property is essential for the efficient functioning of the bankruptcy court."), cert. denied, 112 S.Ct. 2276 (1992).
 
 
 13
 Consequently, because the district court could not grant any effective relief with regards to the sale of the casing or the plugging of the well, Chambers' appeal was moot. See Pursifull v. Eakin, 814 F.2d 1501, 1506 (10th Cir.1987).
 
 
 14
 The judgment of the United States District Court for the Northern District of Oklahoma dismissing Chambers' appeal for mootness is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The trustee argues that the tolling provisions found in Fed.R.App.P. 4(a)(4) do not apply to appeals filed in bankruptcy cases citing Fed.R.App.P. 6(b)(1)(i). However, Rule 6(b)(2)(i) provides that the time for taking an appeal to this court is tolled by timely motions for rehearing filed pursuant to Bankruptcy Rule 8015. See Ford Motor Credit Co. v. Shah (In re Shah), 859 F.2d 1463, 1464-65 (10th Cir.1988)