In re Earl D. WILSON, etc., Debtor.

Harriette H. WILSON

v.

William L. DAVIS, Successor Trustee, et al.

No. CIV-2-84-338.

United States District Court, E.D. Tennessee, Northeastern Division.

April 9, 1985.

See also, Bkrtcy., 50 B.R. 701.

**44**

David L. Fleming, Terry B. Boutwell, Liberis & Fleming, Pensacola, Fla., for appellant Harriette H. Wilson.

Mary M. Farmer, Morton Lewis King & Krieg, Knoxville, Tenn., for appellee F.D. I.C.

Craig J. Donaldson, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, Tenn., for appellee William L. Davis, trustee.

## MEMORANDUM AND ORDER

HULL, Chief Judge.

This is an appeal from an order for relief in the bankruptcy of Earl D. Wilson in the United States Bankruptcy Court for the Eastern District of Tennessee, Case No. 3–83–00848, Earl D. Wilson, Debtor. Jurisdiction is pursuant to 28 U.S.C. § 158(a), and is not in dispute. This appeal is brought by the debtor's wife, Harriette H. Wilson, who filed a claim of exemptions as a dependent of the debtor under § 522 of the Bankruptcy Code. In regard to her claimed exemptions, Mrs. Wilson raises the following issues on appeal:

(1) Whether the Bankruptcy Judge erred in finding that Earl D. Wilson was a domiciliary of the State of Tennessee for the greater portion of the one hundred and eighty (180) days immediately preceding the filing of the involuntary Chapter 7 petition, rather than a domiciliary of the State of Florida as the Wilsons claim;

(2) Whether the Bankruptcy Judge erred in ruling that the proper time for determining which property may be claimed as exempt is the date of the filing of the involuntary Chapter 7 petition rather than the date of the Order for Relief as contended by the Wilsons; and

(3) Whether the Bankruptcy Judge erred in ruling that certain property owned by the Wilsons as tenants by the entireties was not exempt from process under applicable Tennessee law, contrary to the Wilsons' contention.

These issues will be examined in turn:

### (1) DOMICILE.

The involuntary petition was filed on May 26, 1983. The 180–day period immediately preceding the filing of this petition commenced on February 25, 1983. The bankruptcy judge was required to make a factual finding on the issue of the debtor's domicile based on evidence of the debtor's intent and overt acts manifesting this intent. *See Caldwell v. Shelton,* 32 Tenn.App. 45, 221 S.W.2d 815, 822 (1948). Mr. Wilson testified that he made a con-

scious decision to move to Florida in the winter of 1981, and it is undisputed that he leased a condominium in Manalapan, Florida, in November of 1981. Nevertheless, many of the overt acts which would normally indicate intent did not occur until after February 25, 1983. For example, Mr. Wilson registered to vote in Florida in March of 1983. He filed a "declaration of domicile" with the State of Florida on March 14, 1983, (although the declaration stated that he became a resident as of July 1, 1982). In May of 1983, Mr. Wilson obtained a Florida driver's license. On April 30, 1983, he is reported to have mentioned to a Sam McAllester, that it was his intention to file a voluntary petition in bankruptcy in Florida after June 1, 1983, when he had been domiciled in Florida for the requisite period. In light of this evidence, the Court cannot find that the Bankruptcy Judge's finding on the issue of domicile is clearly erroneous.

### (2) THE DATE FOR DETERMINING WHICH PROPERTY IS EXEMPT.

At the time the involuntary Chapter 7 petition was filed, the Wilsons owned, *inter alia,* a condominium in Manalapan, Florida. During the interval between the filing of the petition and the entry of the order for relief, they sold this condominium and purchased a home in Longwood, Florida, with the intention of claiming the Longwood home as a homestead and as exempt (under Florida law) as a tenancy by the entirety. They also converted some other presumably non-exempt property into exempt property in anticipation that an order for relief would be entered.

. The Bankruptcy Judge ruled that the proper time for determining which property would be subject to a claim of exemptions is the date of the filing of the Chapter 7 petition. The appellant contends that because 11 U.S.C. § 303(f) permits a debtor in an involuntary bankruptcy case to continue business and to use, acquire, or dispose of property up to the time an order for relief is entered, property to be exempted from the estate should be determined at the time

the order for relief is entered, rather than at the time the involuntary petition is filed.

This presents an interesting question which arises out of an apparent inconsistency in the new Bankruptcy Code. Section 541(a) of the Code provides that *the commencement of a case* under § 301, 302 *or 303* (involuntary petitions) *creates an estate.* Section 522 of the Bankruptcy Code provides that the debtor may exempt from property of the estate any property that is exempt under federal law or under local law that is applicable *on the date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition.... The appellee contends that these sections of the code require a finding that the operative date for determining property which is exempt from the estate is the date on which the petition is filed.

However, while Section 522(b)(2)(A) does provide that the debtor may exempt from property of the estate any property that is exempt under federal law or state law that is applicable on the date of the filing of the petition, this section can be read to fix the law controlling the exemptions not to fix the property subject to these exemptions at the time of the filing of the petition.

At least two courts which have considered this question have reasoned that because Section 303(f) permits the debtor to continue to manage his estate until the order for relief is entered, the rights of the parties do not become fixed, and the general estate of the debtor does not pass into the hands of the trustee until that time. In addition, because a petitioner in a voluntary bankruptcy may convert non-exempt property into exempt property immediately before filing in bankruptcy without defrauding his creditors, the involuntary bankrupt should also be permitted the same opportunity to maximize his rights to the exemptions permitted under the bankruptcy law. *See In re York Chemical Industries, Inc.,* 30 B.R. 583, 585 (D.S.C. 1983); *In re Andreotti,* 16 B.R. 28, 31 (D.Cal.1981).

■ Because Section 303(f) permits the Bankruptcy Court to stay any business transactions it fears will jeopardize the rights of creditors, and because that court always has the power to set aside any transactions that defraud creditors, the Court is of the opinion that the correct date for determining which property of the debtor will be subject to exemptions in an involuntary bankruptcy case is the date on which the order for relief is filed.

### (3) EXEMPTIONS OF PROPERTY HELD AS TENANTS BY THE ENTIRETY.

Appellant Wilson contends that the Bankruptcy Judge erred in holding that all of the property she claimed as exempt as a tenancy by the entirety was not exempt because not immune from process under the applicable state law. She contends that the lots in the Whisperwood and Woodnote Subdivisions in Carter County and the house in Johnson City were held as tenancies by the entirety and that, under Tennessee law, the Trustee could reach only Earl Wilson's right of survivorship in these properties. *In re Stewart*, 19 B.R. 165 (D.Tenn.1982). She claims further that certain real and personal property held in tenancy by the entirety in the State of Florida should have been entirely exempt pursuant to Florida state law. Finally, she contends that an income tax refund from the tax years 1977, 1978 and 1979, was based at least in part, on income from the sale of jointly owned property and that the Court erred in failing to take proof on this issue.

■ The appellee responds, correctly, that pursuant to 11 U.S.C. § 522(b)(2)(A) property exemptions must be determined in regard to the law of the domiciliary state regardless of where the property is situated. The appellee does not mention the Tennessee real property claimed by the appellant but, he does imply that the Bankruptcy Court may have erred in regard to the Manalapan, Florida condominium. In regard to the income tax return, he requests that this Court remand the action to the Bankruptcy Court for the taking of evidence regarding the sources of the funds constituting the income tax return.

Accordingly, this Court makes the following findings:

(1) The Bankruptcy Judge was correct in finding that Earl D. Wilson was a domiciliary of the State of Tennessee for the greater portion of the 180 day period immediately preceding the filing of the bankruptcy petition.

(2) The Bankruptcy Judge was correct that the law of the domiciliary state controls the exemptions available to the debtor under Section 522.

(3) The Bankruptcy Judge erred in ruling that the proper time for determining which property may be claimed as exemptions is the date of the filing of the petition rather than the date of the order of relief.

In light of the foregoing, and in light of the questions raised regarding certain real property which may or may not have been held by the Wilsons in tenancy by the entirety, and in light of the fact that the Trustee has requested a remand to develop the facts in regard to the income tax return, this action is AFFIRMED in part, REVERSED in part, and REMANDED to the Bankruptcy Court for reconsideration of Harriette H. Wilson's claimed exemptions.