**In re Sonya W. BUTCHER, Debtor.**

**No. CIV-3-86-462.**

United States District Court,
E.D. Tennessee, N.D.

June 10, 1987.

David L. Buuck, Claiborne, Davis, Buuck & Hurley, Knoxville, Tenn., Ezra H. Cohen, Mary Grace Diehl, Atlanta, Ga., for debtor.

Edwin Walker, Nashville, Tenn., for John C. McLemore, trustee.

## MEMORANDUM

EDGAR, District Judge.

This is an appeal by the debtor from a bankruptcy court order, 62 B.R. 162 (Bankr.E.D.Tenn.1986), denying the debtor two exemptions claimed under 11 U.S.C. § 522(b)(2)(A). The debtor sought to exempt from her bankruptcy estate a house in Florida, pursuant to the homestead provision of the Florida Constitution, Fla. Const. art. X, § 4, and the cash surrender value of certain life insurance policies, pursuant to a Florida exemption statute. Fla. Stat. § 222.14. For the following reasons, the judgment of the bankruptcy court will be AFFIRMED. This Court has jurisdiction under 28 U.S.C. § 158.

### I.

*Denial of the Homestead Exemption*

The bankruptcy court below denied the debtor's claim to a homestead exemption for her Florida house based on the court's ruling that, under the Florida homestead exemption in effect at the time the involuntary petition was filed against the debtor, she was not entitled to assert the exemption. 62 B.R. at 168. The debtor maintains that the bankruptcy court erred first by finding that the controlling exemption law

was the law in effect at the time of the filing rather than the subsequently amended law in effect at the time of the issuance of the last order for relief in the case. The debtor also argues that the bankruptcy court further erred by concluding that the debtor was not entitled to assert the exemption even under the pre-amendment homestead exemption law.

The chronology of the bankruptcy proceedings is as follows. An involuntary bankruptcy petition was filed under Chapter 7 against the debtor on September 9, 1983. An order for relief was granted by the bankruptcy court in this matter on March 28, 1984. On April 12, 1984, the debtor converted her case to a Chapter 11 case. She was unable to obtain plan confirmation under Chapter 11, and, on August 15, 1985, the debtor's case was converted back to a Chapter 7 case upon a creditor's motion. On December 11, 1985, the debtor received her Chapter 7 discharge.

During the course of these complex bankruptcy proceedings, the relevant Florida homestead exemption law was amended. When the proceedings were commenced, the Florida Constitution provided in relevant part that:

There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, ... the following property *owned by the head of a family:*

(1) A homestead, if located outside a municipality to the extent of 160 acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

Fla. Const. art. X, § 4(a) (emphasis added). Effective January 1, 1985, the above-quoted provision was amended by the substitu-

tion of the words "natural person" for the words "head of a family." The debtor seeks to exclude her home from her bankruptcy estate pursuant to the exemption available to any "natural person" rather than the exemption limited to heads of families.

The Bankruptcy Code, 11 U.S.C. § 522(b), permits debtors to elect either the property exemptions provided by the appropriate state laws or, if authorized by state law under 11 U.S.C. § 522(b)(1), the exemptions provided by Federal law in 11 U.S.C. § 522(d). The debtor in this case chose to assert the homestead exemption afforded by Florida law. 11 U.S.C. § 522(b)(2)(A) limits the use of state homestead exemptions, among other state exemptions, as follows:

An individual debtor may exempt from property of the estate ... any property that is exempt under ... state or local law that is applicable *on the date of the filing* of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place.

(emphasis added).

■ Pursuant to this provision of the Bankruptcy Code, the bankruptcy court below held that the homestead exemption contained in the Florida Constitution in effect on September 9, 1983, the date of the filing of the involuntary petition, controlled the debtor's request to exempt the house at issue.[1] 62 B.R. at 165–66. The Court finds that this ruling by the bankruptcy court is consistent with the plain meaning of the statute. Section 522(b)(2)(A) states that a debtor may exempt property from his or her estate based on the laws applicable *"on the date of the filing of the petition."* (Emphasis added). The ordinary and usual meaning of the statute's terms will be given effect unless an ambiguity in the statute is shown. *Caminetti v. United States,* 242 U.S. 470, 485–86, 37 S.Ct. 192, 194–95, 61 L.Ed. 442 (1917); *McBarron v. S & T In-*

---

1. The trustee in this case did not contest below the debtor's ability to assert her claim to a Florida domicile, under 11 U.S.C. § 522(b)(2)(A).

*dus., Inc.,* 771 F.2d 94, 97 (6th Cir.1985). No such ambiguity has been shown in this case. Accordingly, the bankruptcy court's holding that the date of the filing of the petition determines the applicable state exemption law will be AFFIRMED.

This ruling is consistent with the limited case law on the subject. In a case decided under an earlier exemption provision of the Bankruptcy Code, a provision comparable to § 522(b), the United States Supreme Court ruled that the date on which the bankruptcy petition is filed is the relevant date for determining exemption issues. *White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924). Similar to § 522, the law at issue in *White* provided that the bankrupt was allowed the exemptions "prescribed by the state law in force at the time of the filing of the petition." *Id.* at 312, 45 S.Ct. at 103. *White* involved a debtor who failed to comply with the terms of the state homestead exemption law in effect at the time of the debtor's bankruptcy filing. Despite later efforts to comply with the law, the Court held that the debtor's homestead exemption could not be allowed. The Court ruled that the Bankruptcy Code exemption provision "makes the state laws existing when the petition is filed the measure of the right to exemptions." *Id.*

Several more recent decisions made pursuant to § 522 also have held that the date of the filing determines applicable exemption law. In *Stinson v. Williamson (In re Williamson),* 804 F.2d 1355 (5th Cir.1986), the debtor failed to assert a state homestead exemption to which he was entitled when he initially filed his Chapter 11 petition. The bankruptcy court allowed the debtor, whose case was later converted into a Chapter 7 case, to amend his classifications so as to claim the state homestead exemption. The *Williamson* court affirmed the bankruptcy court's decision, holding that the date of the debtor's original Chapter 11 filing determined the debtor's exemption eligibility, not the date of the conversion of the debtor's case to a case under Chapter 7, as asserted by the trustee. The court found that the specific language of § 522(b) and § 348(a) con-

trolled. The *Williamson* court cited with approval the bankruptcy court's ruling that is presently on appeal in this matter. 804 F.2d at 1361–62 n. 9.

The *Williamson* court severely restricted *Armstrong v. Lindberg (In re Lindberg),* 735 F.2d 1087 (8th Cir.), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). The debtor in the present appeal relies heavily upon *Lindberg. Lindberg,* by the Eighth Circuit's own admission, is at considerable tension with the terms of the relevant statutes, § 522 and § 348. *Id.* at 1089. *See also Williamson,* 804 F.2d at 1359. The *Lindberg* court held that the date of the debtors' Chapter 7 conversion, not the date of the debtors' original Chapter 13 filing, determined what exemptions may be claimed. *Lindberg,* 735 F.2d at 1088. The court in *Lindberg* allowed the debtors in the case to claim a different homestead at the time of the Chapter 7 conversion than they had claimed at the original Chapter 13 filing. As the *Williamson* court noted, 804 F.2d at 1359, the holding in *Lindberg* is based on considerations unique to Chapter 13 cases. As such, it is distinguishable from the present appeal. In addition, *Lindberg* may be distinguished from the present case in that *Lindberg* involved a change in property to be exempted, not a change in the state exemption law, as is involved in the instant appeal.

The distinction between changes in law and changes in property subsequent to filing is highlighted in *Wilson v. Davis (In re Wilson),* 62 B.R. 43 (E.D.Tenn.1985). The debtor in the present appeal has also placed much emphasis on *Wilson. Wilson* involved a Chapter 7 debtor who sought to protect a house under the Florida homestead exemption. The house was purchased after the filing but before the entry of the order for relief in the case. The district court in *Wilson* ruled that the correct date for determining which property is exempt under § 522 is the date on which the original order for relief is filed, not the date of the filing of the petition. *Id.* at 46. The court in *Wilson* clearly states that the

date of conversion is not used to fix the applicable law:

> [W]hile Section 522(b)(2)(A) does provide that the debtor may exempt from property of the estate any property that is exempt under federal law or state law that is applicable on the date of the filing of the petition, this section can be read to fix the law controlling the exemptions not to fix the property subject to these exemptions at the time of the filing of the petition.

*Id.* at 45.

Debtor's reliance on *Wilson* reveals the debtor's confusion on an important distinction made in the Bankruptcy Code. The debtor asserts that the relevant state exemption law should be determined as of the date of the filing of the order for relief issued when her case was converted from a Chapter 7 to a Chapter 11 case. This assertion overlooks the two distinct types of orders for relief recognized by the Bankruptcy Code. The order for relief in an involuntary bankruptcy case is issued by the bankruptcy court pursuant to 11 U.S.C. § 303(h), generally shortly after the filing of the involuntary bankruptcy petition. Every subsequent conversion of the case, pursuant to 11 U.S.C. § 348, also creates an order for relief. These latter orders for relief, however, only are orders for relief as to that chapter. § 348(a) provides:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes *an order for relief under the chapter* to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not affect a change in the date of the filing of the petition, the commencement of the case, or *the order for relief.*

(Emphasis added). The orders for relief issued under the particular chapters with each conversion do not affect the date of the original order for relief. The order for relief in this case was granted on March 28, 1984, before the January 1, 1985 effective date of the amended Florida homestead exemption. According to the debtor, debtors could voluntarily convert their cases to another chapter pursuant to § 348 at anytime in order to take advantage of a change in the applicable law that occurred after the original order for relief was entered. *Wilson* does not stand for the proposition that the date of an order for relief under a chapter determines applicable exemption law. As stated above, *Wilson* holds that the date of the original order for relief determines what property may be exempted.

The debtor in this appeal also cites for support *In re Stinson,* 27 B.R. 18 (Bankr. D.Or.1982). *Stinson,* however, was reversed by the district court for the district of Oregon on April 26, 1983. *Reprinted* in appendix of *In re Kao,* 52 B.R. 452, 454–55 (Bankr.D.Or.1985). *Stinson* presented the only case cited by the debtor which involved a change in the applicable exemption laws that occurred after the filing of the petition in the case but before the case was converted from a Chapter 13 to a Chapter 7 case. Subsequent to the debtor's conversion of his case to a Chapter 7 case, Oregon changed its bankruptcy laws to take away the availability of the Federal law exemptions provided under § 522(d). Thus, at the time of the conversion only state exemptions under § 522(b)(2) and other limited Federal exemptions were available. The bankruptcy court in *Stinson* ruled that the debtor had to proceed in his Chapter 7 case with only the more limited exemptions available after Oregon "opted out" of the Federal exemptions. In reversing the bankruptcy court decision, the district court in *Stinson* held that the bankruptcy judge in the matter had incorrectly analyzed the applicable sections of the Bankruptcy Code:

> The bankruptcy court erred when it held that, for the purpose of claiming exemptions in the Chapter 7 cases, the applicable law is the law in effect on the date of the conversion.... Rights to exemptions and, correspondingly, identification of non exempt property are fixed as of the date of the filing of the bankruptcy petition. (Cite omitted). In other words, property which was non exempt at the time of the Chapter 13 filing would still be non exempt on the date of conversion.

*Id.* at 455. *See also Hollytex Carpet Mills v. Tedford*, 691 F.2d 392 (8th Cir.1982) (holding that the date of filing petition in Chapter 7 case, despite subsequent change in state exemption law, determines law controlling extent of property exemption); *In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986) (holding that what constitutes the property of estate is determined at filing of Chapter 13 petition, not at Chapter 7 conversion); *Maricle v. Home Federal Savings & Loan Assoc. (In re Maricle)*, 25 B.R. 36, 38–39 (Bankr.N.D.Tex.1982) ("Normally the date upon which the bankruptcy petition is filed is the relevant date for determination of exemption issues.")

█ Having ruled that the Florida homestead exemption in effect in 1983 was the law applicable to the debtor's petition, the bankruptcy court below held that the debtor was not entitled to exclude her Florida house from her bankruptcy estate. The pre-amendment Florida homestead exemption is only available to a "head of a family." After an exhaustive exploration of the meaning of this term under Florida law, the bankruptcy court concluded that the debtor could not be characterized as the head of her family on the date of the filing of the involuntary petition. 62 B.R. 166–68. In brief, the bankruptcy court found that the debtor was not supporting her family with her own income. The court found that the debtor's husband, who had provided the significant sum necessary to purchase the house in question, had funded the children's investments which were providing the debtor and her family with the major part of their financial support at the time of the filing. In addition, although the debtor's husband is presently serving a prison sentence for various offenses connected with the failure of his banking enterprises, the bankruptcy court found that in the relevant time period the debtor's husband had not ceased to occupy his position as head of the family.

Under Bankruptcy Rule 8013, "findings of fact shall not be set aside unless clearly erroneous." *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307–08 (5th Cir.1985); *Machinery Terminals, Inc. v. Woodward (In re Albert-Harris,*

*Inc.)*, 313 F.2d 447, 449 (6th Cir.1963). *See also* Fed.R.Civ.P. 52(a). The United States Supreme Court has recently described the clearly erroneous standard of review:

> "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (cites omitted). This Court cannot hold that the bankruptcy judge's findings of fact are clearly erroneous. Accordingly, this aspect of the bankruptcy court's ruling also will be AFFIRMED. An appropriate order will enter.

## II.

### *Denial of Cash Surrender Value of Life Insurance Policies*

█ The debtor sought to exempt from her bankruptcy estate the cash surrender value of certain life insurance policies which insure her husband's life. The debtor is the owner and beneficiary of these policies. The bankruptcy court below denied the debtor this exemption based on the plain meaning of the applicable Florida statute. 62 B.R. at 168–69. That statute provides:

> The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

446

Fla. Stat. § 222.14. By the plain language of the statute, the cash surrender value of life insurance policies are exempted only from the reach of the creditors of the insureds. The statute does not exempt the cash surrender value of life insurance policies from the reach of creditors of the beneficiaries. The debtor has argued without citation that the statute was meant to shield the interests of all owners of insurance policies, not only owners who are also the insureds. The debtor also argues, again without citation, that this broader construction of the statute should be followed because the debtor's creditors are the same creditors that are proceeding against her husband, the insured. The Court does not find these arguments persuasive. *See Gould v. Phillips (In re Gould)*, 457 F.2d 393 (5th Cir.1972) (holding under Texas law that cash surrender value of life insurance policy of which debtor was owner and contingent beneficiary but not named insured was properly part of bankrupt's estate). It is not the role of this Court to rewrite Florida's exemption statute; "the Courts' role is restricted to an interpretation of which exceptions have been enacted and to that extent recognize the debtor's right thereto without a value judgment of whether the state legislature has spoken too liberally or too conservatively." *Roemelmeyer v. Gefen (In re Gefen)*, 35 B.R. 368, 371 (Bankr.S.D.Fla.1984) (Cite omitted). Accordingly, the bankruptcy court's ruling denying the debtor to exempt the cash surrender value of the life insurance policies will be AFFIRMED.

An appropriate order will enter.