In re Stewart S. PEACOCK, Debtor.

Bankruptcy No. 88 B 17983.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 3, 1990.

---

Ralph G. Scheu, Chicago, Ill., for debtor.

Marshal I. McMahon, Jr., John P. Coleman, Chicago, Ill., for Gordon Buchanan.

Joseph Stein, Sachnoff & Weaver, Ltd., Chicago, Ill., Trustee.

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO AMEND SCHEDULE B–4

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Stewart S. Peacock ("Debtor") has moved to amend his Exemption Schedule B–4 (the "Motion"). Debtor now seeks to claim as exempt from the bankruptcy estate certain property which was not exempt at the time Debtor filed his original schedule. His Motion is brought under 11 U.S.C. § 522(b)(2)(A) and recently enacted Ill.Rev.Stat. ch. 110, ¶ 12–1006. Trustee Joseph Stein ("Trustee") and Gordon Buchanan, Jr. ("Buchanan"), a secured creditor of the estate, oppose Debtor's proposed amendments. Following hearing held August 15, 1990, and having considered the matters presented thereat and the pleadings, for the reasons stated below the Motion will be denied.

### FACTUAL BASIS FOR MOTION

On November 21, 1988 Buchanan filed the above-captioned case as an involuntary petition against Debtor under § 303 of the U.S. Bankruptcy Code, Title 11 U.S.C. Although summons issued, notice of the filing was not personally served on Debtor, but rather was served on an employee of Debtor at Debtor's place of business.

After receiving notice of a hearing to determine the status of the involuntary proceeding, Debtor filed a motion to dismiss the involuntary petition on grounds that service of summons had not been made pursuant to Rule 4 Fed.R.Civ.P. That motion to dismiss the petition was denied on September 8, 1989, and the Court granted leave to petitioning creditors to issue and serve an alias summons. An alias summons was subsequently issued and personally served on Debtor. That alias summons appears to have been served on Debtor over 120 days after the involuntary petition was filed. Such service was made after the Illinois Legislature amended state law to provide for new bankruptcy exemptions that Debtor now seeks to rely on. Debtor filed a second motion to dismiss. On November 30, 1989 this Court

denied Debtor's second motion to dismiss and entered an order for relief under Chapter 7 of the Code. Debtor did not move for reconsideration of either order denying dismissal, nor did he appeal either of those orders.

On August 30, 1989 Ill.Rev.Stat. ch. 110, ¶ 12–1006 became effective, superseding ¶ 12–1001(g)(5). The exemptions provided in ¶ 12–1006 were not available to Illinois debtors under ¶ 12–1001(g)(5). Being unaware of § 12–1006 when Debtor filed his original exemption Schedule B–4, he failed in his original Schedule B–4 to claim certain exemptions which he now seeks to include. Debtor's instant motion relies only on the new state law ¶ 12–1006 for the claimed exemption.

Specifically, Debtor seeks to exempt the following Individual Retirement Accounts (the "IRA's") maintained at Continental Bank:

| Account No. | Amount |
| --- | --- |
| 08681693 | $2,216.71 |
| 09048358 | 2,051.39 |
| 09500641 | 2,051.81 |
| 10354440 | 1,661.02 |
| 10496326 | 1,979.68 |
| 10496334 | 1,678.90 |
| 10496342 | 1,943.10 |
| 10496350 | 1,393.11 |

In addition, Debtor also seeks to exempt an account valued at $2,312.76 which Debtor alleges was mis-identified by Continental Bank as a money market account (the "Account"). With regard to this last account, Debtor requests leave of the Court to include this account on the amended schedule subject to verification that the account is in fact an IRA.

Debtor does not claim that he acquired any of the IRA's or the Account after the involuntary petition was filed.

## DISCUSSION

### A. *Jurisdiction*

United States district courts have subject matter jurisdiction over cases under Title 11 and proceedings arising under, arising in, or related to proceedings under Title 11. 28 U.S.C. § 1334(a), (b). Each district court is authorized to refer such proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The United States District Court for the Northern District of Illinois has made such a referral pursuant to Local Rule 2.33.

In a core proceeding that arises in or under Title 11, a bankruptcy judge is empowered to hear and determine the proceeding and issue final orders and judgments. 28 U.S.C. § 157(b)(1). A proceeding to determine whether a debtor can claim certain property as exempt from the bankruptcy estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### B. *Date Determining Debtor's Entitlement to State Law Exemptions*

■ Section 522(b)(1) of the Bankruptcy Code provides that debtors may choose between the federal or applicable state exemptions unless the state has chosen to "opt-out" of the federal exemption scheme. 11 U.S.C. § 522(b)(1). Illinois has opted out and thus residents of that state are confined to Illinois exemptions. Ill.Rev.Stat. ch. 110, ¶ 12–1201. Effective as of August 30, 1989, Ill.Rev.Stat. ch. 110, ¶ 12–1006 [1] governs what property can be claimed as exempt in Illinois.

However, while the Bankruptcy Code provides an alternative to the federal exemptions, it also sets forth in § 522(b)(2)(A) a uniform date that courts must consult in determining whether a debtor is entitled to a claimed exemption, whether federal or state. *See In re McKeag*, 104 B.R. 160, 164 (Bankr.D.Minn.1989); *In re Summers*, 108 B.R. 200, 203 (Bankr.S.D.Ill.1989).

■ Section 522(b)(2)(A) specifically provides that a debtor may exempt from property of the estate any property that is exempt under state or local law "that is applicable *on the date of the filing of the petition....*" 11 U.S.C. § 522(b)(2)(A) (emphasis supplied). The ordinary and

---

1. ¶ 12–1006 provides for the exemption of retirement plans and defines the term "retirement plan" to include "an individual retirement annu-ity or individual retirement account." Ill.Rev. Stat. ¶ 12–1006.

**608**

usual meaning of a statute's terms will be given effect unless an ambiguity in the statute is shown. *Caminetti v. United States*, 242 U.S. 470, 485–86, 37 S.Ct. 192, 194–95, 61 L.Ed. 442 (1917). No such ambiguity has been shown in this case. Moreover, "petition" is defined in § 101(36) of the Bankruptcy Code as meaning "petition filed under sections 301, 302, 303, 304 of this title, as the case may be, commencing a case under this title, . . . ." Thus, under the plain language of § 522(b)(2)(A), a claimed exemption must be applicable on the date of the filing of any petition filed under those provisions, including an involuntary petition filed under § 303 as in this case. *See In re Summers*, 108 B.R. 200, 203 (Bankr.S.D.Ill.1989) ("the language of the federal statute is clear that the exemption must be applicable on the date of the filing of the petition"); *In re Fingado*, 113 B.R. 37, 43 (Bankr.D.N.M.1990).

■ Furthermore, the courts without exception have construed § 522(b)(2)(A) to mean that in order for a debtor to take advantage of changes in a state exemption law, those changes must have been in effect at the time the petition was filed. *In re Balay*, 113 B.R. 429, 440 (Bankr.N.D.Ill. 1990) (Schwartz, J.) ("the Bankruptcy Code's governing date as to when a debtor is entitled to a claimed exemption is the date of filing. . . ."); *Summers*, 108 B.R. at 203; *In re Butcher*, 75 B.R. 441, 442–43 (E.D.Tenn.1987) *aff'd without op.*, 848 F.2d 189 *Fingado*, 113 B.R. at 43; *In re Wickstrom*, 113 B.R. 339, 345 (Bankr.W.D.Mich. 1990); *In re Maricle*, 25 B.R. 36, 38 (Bankr.N.D.Tex.1982); *see also McKeag*, 104 B.R. at 164 ("[§ 522(b)(2)(A) ] has been uniformly construed to mean that a debtor may not take advantage of changes in state law which become effective after the date the petition for relief is filed"); *In re Syrtveit*, 105 B.R. 599, 605 (Bankr.D.Mont.1989) ("Section 522(b) has been uniformly interpreted to mean that the Debtor's claim of exemption will apply the state law in effect on the date the Bankruptcy Petition was filed"). Thus, because ¶ 12–1006 was not in effect until August 30, 1989, nearly one year after the involuntary petition was filed, Debtor cannot take advantage of the exemptions provided therein.

■ However, Debtor contends that the timing provision in § 522(b)(2)(A) refers to determination of applicable state exemption laws in voluntary proceedings only. Debtor argues that exemptions which are available to a debtor in an involuntary proceeding should be determined by the exemption statute in effect when the order for relief is entered rather than when the involuntary petition is filed. Debtor's arguments are without merit.

First, § 522(b)(2)(A) itself makes no distinction between voluntary and involuntary proceedings. Rather it uses the word "petition" which is defined in § 101(36) of the Bankruptcy Code to include involuntary petitions. Second, the timing provision in § 522(b)(2)(A) has been applied not only in voluntary cases, but also in involuntary cases. No courts have even inferred that the date of the filing of the petition is not the determinative date for application of state exemption laws in involuntary proceedings. For example, in *In re Butcher*, 75 B.R. 441 (E.D.Tenn.1987) *aff'd without op.*, 848 F.2d 189, a Chapter 7 case was commenced by the filing of an involuntary petition. Subsequent to the court's grant of an order of relief, the debtor moved to amend her exemption schedule by including exemptions provided by a state statute enacted after the involuntary petition was filed and before the order of relief was entered. The *Butcher* court denied the debtor's motion and found that the date of the filing of the involuntary petition determined the applicable state exemption law pursuant to § 522(b)(2)(A). *Butcher*, 75 B.R. at 443.

Similarly, in *In re Fingado*, 113 B.R. 37 (Bankr.D.N.M.1990), a state exemption law did not go into effect until after an involuntary petition had been filed against the debtor and before the order for relief was entered. As did the court in *Butcher*, the *Fingado* court found that the language of § 522(b)(2)(A) on its face provided that the date for determining the law applicable to exemptions is the date of the filing of the petition. *Fingado*, 113 B.R. at 43.

Thus, although the proceedings in *Butcher* and *Andreotti* were commenced by the filing of an involuntary petition, both courts still found that the date of the filing of the petition was the determinative date for applying exemption laws.

Debtor cites two cases in support of his contention that entry of the order for relief establishes the applicable state exemption law with regard to involuntary proceedings. However, Debtor's reliance upon these two cases, *In re Wilson*, 62 B.R. 43 (E.D.Tenn.1985) and *In re Andreotti*, 16 B.R. 28 (Bankr.E.D.Cal.1981), is misplaced. His reliance on those cases disregards an important distinction in the Bankruptcy Code, that is the distinction between changes in exemption law and changes in property owned subsequent to filing of an involuntary petition.

In *Wilson* and *Andreotti*, the respective courts held in light of § 303(f) of the Code [2] that the correct date for determining exemption of property acquired by debtor after the date of the involuntary filing and before date of order for relief is the latter date. *Wilson*, 62 B.R. at 46; *Andreotti*, 16 B.R. at 32. The issue before these courts was whether property acquired after filing of an involuntary petition could be exempted from the bankruptcy estate. The issue was not, as it is before this Court, whether a new exemption law is applicable after the date of the involuntary filing to property acquired before the involuntary petition was filed.

Indeed, the *Wilson* court itself carefully noted the distinction by observing that:

> [w]hile Section 522(b)(2)(A) does provide that the debtor may exempt from property of the estate any property that is exempt under federal law or state law that is applicable on the date of the filing of the petition, this section can be read to fix the law controlling the exemptions[,] *not* to fix the property subject to these exemptions at the time of the filing of the petition. *Wilson*, 62 B.R. at 45.

To the extent that either *Wilson* or *Andreotti* might be read more broadly to apply to the facts here, this Court declines to follow such a reading in light of the other authority and clear statutory provisions previously cited.

Thus, both the plain meaning of § 522(b)(2)(A) and overwhelming judicial precedent establish that the date of the filing of the petition, whether voluntary or involuntary, determines the applicable state exemption law.

### C. *Supremacy Clause*

A final issue regarding the application of ¶ 12–1006 is whether the state statute should be given retroactive effect since it "applies to interests in pension plans held by debtors subject to bankruptcy ... proceedings *pending on* or filed after the effective date of [the statute]." Ill.Rev.Stat. ¶ 12–1006(d) (emphasis supplied). That retroactive provision of ¶ 12–1006(d) is in direct conflict with the timing provision in § 522(b)(2)(A). Federal law must prevail here pursuant to the Supremacy Clause of the U.S. Constitution, Art. VI, cl. 2. Thus, the retroactive provision of ¶ 12–1006(d) is void and not enforceable.

It is fundamental under the Supremacy Clause of the U.S. Constitution that state laws will be invalidated to the extent they are inconsistent with or contrary to federal laws. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). While the Bankruptcy Code invited preemption as to exemptions by permitting each state to adopt its own exemption scheme under § 522(b)(1), the Code fixed the time as to when such state exemptions could apply. *See Balay*, 113 B.R. at 440; *Summers*, 108 B.R. at 204 ("522(b)(2)(A) is preemptive regarding the point in time state exemptions are to be applied in a bankruptcy case"). As previously discussed, the Bankruptcy Code requires determination whether certain property is exempt according to the state law which is applicable "on the date of the filing of the petition." *Id.* Such requirement prohibits the retroactive appli-

---

**2.** Section 303(f) permits the debtor to continue to manage his estate until the order for relief is entered.

**610**

cation of a state exemption statute that becomes effective post filing of the petition.

Thus, the "pending on" language in ¶ 12–1006(d) of the Illinois statute dealt with a subject preempted by § 522(b)(2)(A) of the Bankruptcy Code. To decide otherwise would allow states effectively to amend § 522(b) and consequently disrupt the proper administration of a bankruptcy case. *See Syrtveit,* 105 B.R. at 606; *McKeag,* 104 B.R. at 165 ("[t]he retroactive application of [the state exemption law] frustrates th[e] bright line cutoff date [in § 522(b) ] and thus frustrates the goals and full effectiveness of the Bankruptcy Code").

## CONCLUSION

Accordingly, because Ill.Rev.Stat. ch. 110, ¶ 12–1006 was not enacted until after the involuntary petition was filed against Debtor, Debtor Stewart Peacock cannot avail himself of the exemptions provided in ¶ 12–1006 to exempt property he acquired before that petition was filed. Debtor's Motion to amend his Schedule B–4 to include the IRA's and the Account must therefore be denied.