**In re Charles V. LOWERY and Suzanne H. Lowery, Debtors.**

**No. 00–6131–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 10, 2001.

Chester J. Trow, Ocala, FL, for Debtors.

Keith A. Graham, Orlando, FL, for Cadle Company II, Inc.

Charles W. Grant, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon Debtors' Motion for Summary Judgment Regarding Objections to Debtors' Insurance Policies Exemption filed on August 14, 2001. (Doc. 73.) On September 24, 2001 Cadle Company II, Inc. ("Cadle") filed Cross–Motion for Summary Judgment. (Doc. 77.) On November 26, 2001 Debtors filed response to Cadle's Cross–Motion for Summary Judgment. (Doc. 89.) Upon review of Debtors' Motion for Summary Judgment, Cadle's Cross–Motion for Summary Judgment and Debtors' Response, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtors are residents of the State of Florida. On Schedule C of their bankruptcy petition, Debtors claimed the cash surrender value of the following six life insurance policies as exempt pursuant to Fla. Stat. § 222.14:

**Policy Number 1–Jackson National Life–Debtor Charles V. Lowery is both the insured and the owner of the policy.**

**Policy Number 2–Liberty National–Debtor Charles V. Lowery is the insured and Debtor Suzanne H. Lowery is the owner of the policy.**

**Policy Number 3–Liberty National–Steven P. Lowery is the insured and Debtor Charles V. Lowery is the owner of the policy.**

**Policies Number 4 and 5–Monumental Life–William C. Lowery, II and Chance V. Lowery are the insureds and Charles V. Lowery is the owner of the policy.**

**Policy Number 6–New England Financial (Metlife)-Debtor Suzanne H. Lowery is the insured and Debtor Charles V. Lowery is the owner of the policy.**

William C. Lowery, II and Chance V. Lowery, Debtors' grandsons, are residents of Michigan.

On their Statement of Financial Affairs, Debtors did not indicate that any of the insurance policies were held for another person.

On October 4, 2000 the Chapter 7 Trustee filed Objection to Debtors' Claim of Exemption in the insurance policies. On October 26, 2000 Cadle filed Objection to Debtors' Claim of Exemption in the insurance policies. The Court scheduled hearings on both objections, but upon request of the Trustee, continued the hearings until further order of the Court.

Debtors filed amendments to Schedule B of their petition and their Statement of Financial Affairs on September 24, 2001. (Doc. 74.) The amendments reflect that Debtor Charles V. Lowery holds only legal title to policies 4 and 5 as trustee for William C. Lowery, II and Chance V. Lowery.

## CONCLUSIONS OF LAW

Debtors seek summary judgment in their favor as to policies 1, 2, 4, 5, and 6.[1] Debtors argue that the cash surrender value of policies 1, 2, and 6 is exempt pursuant to § 222.14 of the Florida Statutes. Debtors argue that policies 4 and 5 are not property of the estate because Debtor Charles Lowery holds only legal title, while the beneficial interest is held by William C. Lowery, II and Chance V. Lowery, Debtors' grandsons.

Cadle seeks summary judgment as to policies 1–6. Cadle argues the cash surrender value of policies 2 and 6 is not exempt because the requirements of § 222.14 are not satisfied. Cadle does not dispute that policy 1 satisfies the requirements of § 222.14 but asserts that most of the cash surrender value of the policy was created by a series of fraudulent transfers or the conversion of non-exempt funds into exempt assets in contravention of §§ 222.29 and 222.30 of the Florida Statutes. Finally, Cadle argues that policies 4 and 5 are not held in a trust and are therefore property of the estate.

Summary judgment under Rule 56 is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2001). A moving party bears the initial burden of showing a court that there are no genuine issues of material fact that should be decided at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to a court that there is an absence of evidence to support a non-moving party's case. *See Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. In determining whether a moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, a court must draw inferences from the evidence in the light most favorable to a non-movant and resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989). If a moving party satisfies this burden, then a nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *See id.*

Therefore, the burden is on Debtors to show that there is no genuine dispute over the qualification of policies 1, 2 and 6 as exempt pursuant to § 222.14 of the Florida Statutes and that there is no genuine dispute that policies 4 and 5 are held in a trust by Debtor Charles V. Lowery and are therefore not property of the estate. The burden is on Cadle to show there is no genuine dispute that policies 2 and 6 do not qualify as exempt pursuant to § 222.14 and that there is no genuine dispute that the cash surrender value of policy 1 resulted from a fraudulent conveyance or the conversion of non-exempt assets into exempt life insurance. Finally, Cadle must show there is no genuine dispute that poli-

---

1. Debtors concede that Cadle is entitled to an order sustaining its objection to the exemption of policy 3. Section 222.14 exempts the cash surrender value of life insurance policies from the claims of a creditor of the person whose life is insured. Because the insured, Steven P. Lowery, is not a debtor, § 222.14 is not satisfied.

cies 4 and 5 are not held in a trust and are therefore property of the estate.

Fla. Stat. § 222.14 provides as follows:

*Exemption of cash surrender value of life insurance policies and annuity contracts from legal process*

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

Fla. Stat. § 222.14.

### Policies 2 and 6

■ Debtors contend they are entitled to summary judgment as to policies 2 and 6 because they are both residents of Florida and Cadle is a creditor of the person whose life is insured by the policy. Cadle argues that § 222.14 requires that the owner of the policy claiming the exemption must be identical to the insured. Cadle contends that policies 2 and 6 are not exempt because the owner of the policy and the insured are not the same person. As to policy 2, Debtor Charles V. Lowery is the insured and Debtor Suzanne H. Lowery is the owner. As to policy 6, Debtor Suzanne H. Lowery is the insured and Debtor Charles V. Lowery is the owner.

Debtors argue that the statute exempts the cash surrender value of life insurance policies from three types of claims: attachment, garnishment, or creditors of the person whose life is insured. Debtors argue that the statute's use of the disjunctive "or" rather than the conjunctive "and" to link "garnishment" and "creditors of the person whose life is insured" means there is no requirement that the owner of the policy and the insured be the same person.

Debtors assert that Judge Proctor's previous holding in *In re Allen,* 203 B.R. 786, 795 (Bankr.M.D.Fla.1996) that the individual claiming the exemption must also be the insured was an erroneous interpretation of the statute. The only other reported decision addressing the issue is *In re Butcher,* 62 B.R. 162 (Bankr.E.D.Tenn. 1986) *aff'd* 75 B.R. 441 (E.D.Tenn.1987), *aff'd* 848 F.2d 189 (6th Cir.1988). In *Butcher,* the trustee objected to a debtor's claim of exemption of the cash surrender value of certain life insurance policies because the debtor, who was the owner and beneficiary of the policy, was not the insured. The debtor argued that the purpose of § 222.14 was to protect the cash surrender value of insurance policies from creditors of all policy owners, not just owner-insureds. Rejecting the debtor's reasoning, the court stated "[t]his statute . . . prevent[s] creditors of the insured from reaching proceeds intended for the beneficiary. Th[i]s[ ] statute[ ][was] obviously not intended to protect such proceeds from the claims of the *beneficiary's* own creditors. This court does not believe . . . that § 222.14 was intended to prevent a creditor of the *beneficiary* from reaching the cash surrender value of the policy where the beneficiary, by virtue of ownership of the policy, has a right to those proceeds prior to the insured's death." (emphasis in original). *Id.* at 168–169.

The Court holds that § 222.14 only exempts the cash surrender value of life insurance policies of which the debtor is both the owner and the insured. The use of "or" to link "garnishment" and "creditors of the person whose life is insured" does not negate the statute's plain mean-

ing and the requirement that the owner and the insured be the same person. Because Debtor Suzanne H. Lowery owns policy 2 while Debtor Charles V. Lowery is the insured, the statutory requirements as to policy 2 are not met. There is therefore no genuine issue of material fact as to policy 2. Because Debtor Charles V. Lowery owns policy 6 while Debtor Suzanne H. Lowery is the insured, the statutory requirements as to policy 6 are not met. There is therefore no genuine issue of material fact as to policy 6. The Court will therefore grant Cadle's Cross Motion for Summary Judgment as to policies 2 and 6. The cash surrender value of Policies 2 and 6 is not exempt.

### Policy 1

█ It is clear that Policy 1 satisfies the requirements of § 222.14. Debtor Charles Lowery, the owner of the policy and the insured, is a resident of the state of Florida. However, Cadle asserts that most of the cash value of policy 1 was created by a series of fraudulent transfers of the conversion of non-exempt funds into exempt assets in contravention of §§ 222.29 and 222.30 of the Florida Statutes.

Debtors point out that this court expressly rejected the disallowance of an exemption based upon the conversion of a non-exempt asset into an exempt asset in *In re Barker,* 168 B.R. 773, 776 (Bankr. M.D.Fla.1994). In *Barker* the Court rejected the notion that the *Bankruptcy Code* permits the disallowance of an otherwise valid exemption. However, the Court pointed to the availability of § 222.30 as a basis for the disallowance of an exemption resulting from the conversion of a non-exempt asset to an exempt asset with the intent to hinder, delay, or defraud a creditor.[2]

### §§ 222.29 and 222.30

Fla. Stat. § 222.29 provides as follows:

*No exemption for fraudulent transfers*

An exemption from attachment, garnishment, or legal process provided by this chapter is not effective if it results from a fraudulent transfer or conveyance as provided in chapter 726. Fla. Stat. 222.29.

Fla. Stat. § 222.30 provides in pertinent part:

*Fraudulent asset conversions*

(1) As used in this section, "conversion" means every mode, direct or indirect, absolute or conditional, of changing or disposing of an asset, such that the products or proceeds of the asset become immune or exempt by law from claims of creditors of the debtor and the products or proceeds of the asset remain property of the debtor. The definitions of chapter 726 apply to this section unless the application of a definition would be unreasonable.

(2) Any conversion by a debtor of an asset that results in the proceeds of the asset becoming exempt by law from the claims of a creditor of the debtor is a fraudulent asset conversion as to the creditor, whether the creditor's claim to the asset arose before or after the conversion of the asset, if the debtor made the conversion with the intent to hinder, delay, or defraud the creditor.

Fla. Stat. § 222.30.

Debtors argue that policy 1 is a long standing policy. Debtors assert that they did not know there was a remaining obligation in the mortgage foreclosure proceeding that is the source of the liability to Cadle until March of 2000 or that life

---

**2.** Section 222.30 was not an available remedy in *Barker* because the annuities that were the

subject of the objection were purchased prior to the effective date of § 222.30.

insurance policies may be exempt. Debtors assert that the premiums for Policy 1 were funded solely with exempt funds, resulting in no diminution of assets available to creditors.

The Court finds there is a genuine issue of material fact as to whether the cash surrender value of policy 1 is the result of a fraudulent transfer or the conversion of non-exempt assets into exempt life insurance and is subject to disallowance pursuant to § 222.29 or § 222.30 of the Florida Statutes. The Court will therefore deny Debtors' Motion for Summary Judgment and Cadle's Cross–Motion for Summary Judgment as to Policy 1.

### Policies 4 and 5

█ Although Debtors initially claimed policies 4 and 5 as exempt, Debtors now assert that they are not property of the estate. Debtors contend that Debtor Charles Lowery holds only legal title to policies 4 and 5 as trustee for the insureds, William C. Lowery, II and Chance V. Lowery, Debtors' grandsons, and that the beneficial interest is not property of the estate. Debtors contend that the terms of the trust are set forth in a letter attached to an affidavit accompanying the Motion for Summary Judgment. Cadle argues that Debtors' reliance on an affidavit which contradicts their original bankruptcy schedules is insufficient to grant summary judgment in favor of Debtors.

The Court finds that there is a genuine issue of material fact as to whether Debtor Charles Lowery holds only a legal interest in policies 4 and 5. The Court will therefore deny Debtors' Motion for Summary Judgment and Cadle's Cross–Motion for Summary Judgment as to policies 4 and 5.

Additionally, Cadle argues that the cash value of policies 4 and 5 was created by the conversion of non-exempt assets to exempt life insurance. However, the Court need not address Cadle's fraudulent conversion argument as to policies 4 and 5 because the issue as to those policies is whether they are property of the estate, not whether they are exempt. Debtors are not claiming policies 4 and 5 as exempt. Debtors acknowledge that the insured are not residents of Florida and the requirements of § 222.14 are therefore not met. If the Court finds that policies 4 and 5 are property of the estate, it is clear that they are not exempt.

### CONCLUSION

Because the owner and insured of policies 2 and 6 are not identical, the cash surrender value of the policies is not exempt as a matter of law. The Court will grant Cadle's Motion for Summary Judgment as to policies 2 and 6. Because there is a genuine issue as to whether the cash surrender value of policy 1 is the result of a fraudulent transfer or the conversion of non-exempt assets into exempt life insurance, the Court will deny Debtors' Motion for Summary Judgment and Cadle's Cross–Motion for Summary Judgment as to policy 1. Because there is a genuine issue as to whether Debtor Charles Lowery holds only the legal interest in policies 4 and 5, the Court will deny Debtors' Motion for Summary Judgment and Cadle's Cross–Motion for Summary Judgment as to policies 4 and 5. The Court will enter an order sustaining Cadle's objection to policy 3. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.